# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                              |   |                                          |
|------------------------------|---|------------------------------------------|
| UNITED STATES OF AMERICA     | * |                                          |
| v.                           | * | CRIMINAL NO. JKB-15-503<br>CIVIL NO. JK-19-0815 |
| SWAIN CLARKE,                | * |                                          |
| Defendant                    | * |                                          |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255 (ECF No. 103). The Government has responded (ECF No. 106) and the Defendant has replied (ECF No. 107). The Court is intimately familiar with the record in this case. Further, the Court has carefully reviewed the Defendant's most recent submissions, including his motion to vacate (ECF No. 103). The Motion is without grounds. The Court adopts the arguments and reasoning submitted by the Government in their Response (ECF No. 106) as its own and, on the basis of that analysis, DENIES THE MOTION (ECF No. 103).

A certificate of appealability may issue only if the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (citing *Slack*, 529 U.S. at 484). Defendant has failed to meet the standard for a certificate of appealability. Therefore, it is DENIED.

The Clerk is directed to CLOSE THE CIVIL CASE.

DATED this 10th day of June, 2019.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge