# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SWAIN CLARKE, * | |
| Petitioner, * | |
| v. * | CIVIL NO. JKB-19-0815 |
| * | CRIMINAL NO. JKB-15-0503 |
| UNITED STATES OF AMERICA, * | |
| Respondent. * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On September 14, 2022, Swain Clarke filed a Motion to vacate this Court's final judgment denying his previous petition for relief under 28 U.S.C. § 2255, (ECF No. 110), and to reopen that same petition. (ECF No. 126.) The Court has closely reviewed the pending Motion. Although Mr. Clarke asks the Court to review it under Federal Rule of Civil Procedure 60(b), the Court instead construes it as a second or successive § 2255 petition in accordance with Supreme Court precedent. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Because Mr. Clarke has not been granted leave to advance the claim argued in the Motion in a second or successive § 2255 petition, the Motion is DISMISSED without prejudice for lack of jurisdiction.

## I.   *Legal Standard*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which governs federal habeas corpus proceedings, provides that a petitioner may file a second or successive habeas petition only when the court of appeals grants him leave to do so. 28 U.S.C. § 2244(b). AEDPA requires that second or successive habeas claims be dismissed unless they either "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable," or are based on newly discovered facts. *Id.* Under Rule 60(b), by contrast, a district court may hear and grant a motion seeking relief from a final judgment in a broader number of circumstances, including where the judgment is no longer equitable or is based on an earlier judgment that has been reversed, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)–(6).

While AEDPA "did not expressly circumscribe the operation of Rule 60(b)," the Supreme Court has held that because "[u]sing Rule 60(b) to present new claims for relief . . . circumvents AEDPA's requirement that a new claim be dismissed" unless it falls into one of § 2244(b)'s two narrow categories, a Rule 60(b) motion that "seeks to add a new ground for relief" in a habeas proceeding should be treated as a second or successive § 2255 petition. *Gonzalez*, 545 U.S. at 531–32. The Court of Appeals for the Fourth Circuit has held that "district courts *must* treat Rule 60(b) motions [that would circumvent AEDPA] as successive collateral review applications[.]" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015). This includes Rule 60(b) motions that advance "new legal arguments[.]" *Id.* at 207. A district court considering such a motion "must either dismiss the motion for lack of jurisdiction or transfer it to [the Fourth Circuit] so that [it] may perform [its] gatekeeping function" under AEDPA § 2244(b). *Id.*

## II. Analysis

In reviewing Mr. Clarke's Motion, the Court finds that it advances a new legal argument intended to attack the integrity of his conviction and sentence. (*See generally* ECF No. 126.) Mr. Clarke argues that the Fourth Circuit's ruling in *United States v. Peterson*, 782 Fed. App'x 231 (2019), which was announced after this Court denied his first § 2255 petition, makes him eligible for relief from this Court's prior denial because it may change the Court's analysis as to the

2

constitutionality of his sentencing proceeding. (*Id.*) Following *Winestock*, the Court must treat this Motion as a second or successive § 2255 petition.

Because this Court construes the now-pending Motion as a second or successive § 2255 petition, and because the Fourth Circuit has not yet granted Mr. Clarke leave to file such a petition on the basis of the claim at issue,[1] the Court will dismiss the Motion without prejudice for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, it is hereby ORDERED:

1. Petitioner Swain Clarke's Motion is DISMISSED without prejudice.
2. To the extent that a Certificate of Appealability is a prerequisite to Petitioner filing an appeal in this matter, it is DENIED as the Petitioner has not made a showing of denial of a constitutional right. 28 U.S.C. § 2253(c)(2). There is no showing that reasonable jurists would disagree on this point.

DATED this 4 day of October, 2022.

BY THE COURT:

James K. Bredar
Chief Judge

---

[1] The record reflects that, before Mr. Clarke filed this Motion, (ECF No. 126), the Fourth Circuit denied him leave to file a second or successive § 2255 petition. (ECF No. 123.) However, that denial was based on a motion that advanced a different claim than the one now pending before this Court. *See* Mot. Authorization to File Second or Successive Appl. Post-Conviction Relief, ECF No. 2, *In re: Swain Clarke*, No. 20-235 (4th Cir. filed May 5, 2020).